UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HARRY VELARDE BOYD, on
behalf of himself and others
similarly situated,

   Plaintiff,

v.

AIR CANADA, INC.,

   Defendant.
_____/

Case No.:

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, Harry Velarde Boyd, on behalf of himself and others similarly situated, by and through the undersigned attorney, sues the Defendant, Air Canada, Inc., ("ACA") for failing to pay complete overtime wages for every hour worked, pursuant to 29 U.S.C. 216(b) (FLSA).

## INTRODUCTION

This is an action for unpaid overtime wages. Plaintiff and his fellow Customer Service Agents have been systemically denied complete overtime wages to which they were entitled by law and now seek to hold ACA accountable. This was not an innocent mistake or oversight. ACA refused to pay Plaintiff complete overtime wages when pay records clearly showed he worked more than 40 hours in a workweek. Simply put, ACA willfully violated the FLSA by denying Plaintiff and others similarly situated complete overtime wages. ACA knew exactly what it was doing. Under no plausible interpretation of the FLSA were Plaintiff and his fellow Customer Service Agents exempt from overtime. Discovery in this case will reveal ACA systematically denied Plaintiff and his fellow Customer Service Agents complete overtime wages required by the FLSA, willfully and maliciously circumventing the statute. For ACA's violations, Plaintiff and his fellow Customer Service Agents

now seek redress including unpaid overtime wages, liquidated damages, and attorneys' fees and costs.

## NATURE OF CASE

1. Defendant, Air Canada, Inc. ("ACA") is a commercial airline.

2. As part of its enterprise, ACA employs Customer Service Agents in the United States.

3. Plaintiff brings this case to address and correct illegal pay practices conducted by ACA.

4. ACA violated the FLSA by failing to pay Plaintiff and his fellow Customer Service Agents complete overtime wages based on their regular hourly rate for those hours worked in excess of forty (40) within a work week pursuant to 29 U.S.C. §§ 201-209.

## PARTIES

5. At all times material hereto, Plaintiff was, and continues to be, a resident of Hillsborough County, Florida.

6. ACA is a foreign for profit corporation which operates and conducts business in, among others, Hillsborough County, Florida and is therefore, within the jurisdiction of this Court.

## JURISDICTION & VENUE

7. This action is brought under Federal law to recover from ACA overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

8. This Court has jurisdiction over Plaintiff's claims as they arise under the FLSA.

9. This Court has jurisdiction and venue over this complaint as each of ACA's violations of the FLSA complained of took place in the United States District Court for the Middle District of Florida.

**GENERAL FACTUAL ALLEGATIONS**

10. Plaintiff worked for ACA as a Customer Service Agent from July, 2018 until September, 2019.

11. At all material times during the last three years, ACA was an enterprise subject to the FLSA's provision overtime compensation.

12. At all material times, Plaintiff worked for ACA and was an "employee" of ACA within the meaning of the FLSA.

13. At all material times, ACA was an "employer" within the meaning of the FLSA and ACA continues to be an "employer" within the meaning of the FLSA.

14. At all material time, ACA was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

15. ACA's employees handled goods including paper, computers, office supplies, and telephones which had traveled in interstate commerce.

16. At all material times during the last three years, ACA has had an annual gross volume of sales made or business done of not less than five hundred thousand dollars ($500,000.00).

17. On or around July, 2019, ACA hired Plaintiff to work as a non-exempt Customer Service Agent.

18. Plaintiff did a specific job, i.e., handle customer service calls, reservation bookings, and provide general flight information which was/is an integral part of the business of ACA.

19. By Plaintiff's estimates, he routinely worked over forty-five (45) hours or more in a work week.

20. To the extent he was compensated for his hours, which amounts did not include overtime premiums, ACA paid Plaintiff bi-weekly.

21. At all times relevant to this action, ACA failed to comply with 29 U.S.C. §§ 201-209, because ACA did not pay Plaintiff complete overtime wages for those hours worked in excess of forty (40) within a work week.

22. During his employment with ACA, Plaintiff was not paid time and one-half his regular rate of pay, for all hours worked in excess of forty (40) within a work week during one or more weeks of employment.

23. Upon information and belief, records concerning the number of hours worked and amounts paid to Plaintiff, to the extent they have not been purged by ACA, are in ACA's possession.

## 216(b) COLLECTIVE ACTION ALLEGATIONS

24. Plaintiff asserts his Count I claim under the FLSA, pursuant to 29 § 216(b), on behalf of himself and on behalf of all other similarly situated employees currently and formerly employed by ACA.

25. Pending any modifications necessitated by discovery, Plaintiff preliminarily define the following class:

> **216(b) Class: All current and former Customer Service Agents of ACA who were not compensated overtime wages for those hours worked in excess of forty (40) hours within a work week.**

26. All potential 216(b) Class members are similarly situated because, among other things, they were all employees of ACA and, upon information and belief, all suffered from the same policies of ACA; simply put, ACA did not pay Plaintiff and all others similarly situated complete overtime wages for those hours worked in excess of forty (40) within a work week.

**COUNT I**
**BREACH OF THE FAIR LABOR STANDARDS ACT**
**(FLSA) 29 U.S.C. §§ 201 *et seq.***
**RECOVERY OF OVERTIME COMPENSATION**

27. Plaintiff reincorporates and readopts all allegations contained within Paragraph 10-23 above.

28. Plaintiff was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

29. During his employment with ACA, Plaintiff regularly worked overtime hours but was not paid time and one-half compensation for the same.

30. To the extent he was compensated for his hours, which amounts did not include overtime premiums, ACA paid Plaintiff bi-weekly.

31. As a result of ACA's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages and is incurring reasonable attorneys' fees and costs.

32. ACA was aware Plaintiff performed non-exempt job duties but still refused to pay Plaintiff complete overtime for hours worked over forty (40).

33. ACA did not maintain and keep accurate time records as required by the FLSA for Plaintiff.

34. ACA failed to post required FLSA informational listings as required by the FLSA.

35. ACA's conduct was willful and in reckless disregard of the overtime requirements of the FLSA.

36. ACA willfully violated the FLSA.

37. Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against ACA for unpaid overtime compensation, an

additional and equal amount of liquidated damages or if liquidated damages are not awarded then pre and post-judgment interest at the highest allowable rate, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 29th day of July, 2020.

/s/ *Marc R. Edelman*
**MARC R. EDELMAN, ESQ.**
Fla. Bar No. 0096342
**GEORGE G. TRIANTIS, ESQ.**
Fla. Bar No. 1015574
**MORGAN & MORGAN, P.A.**
201 North Franklin Street, Suite 700
Tampa, FL 33602
Telephone: 813-223-5505
Fax: 813-257-0572
Email: MEdelman@forthepeople.com
Email: GTriantis@forthepeople.com
*Attorneys for Plaintiff*